# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 22-3035 (lead) |
| | ) | 23-3033 |
| WILLIS PIERRE LEWIS, | ) | 23-3038 |
| | ) | |
| and | ) | |
| | ) | |
| BRITTANY JONES, | ) | |
| | ) | |
| Appellants. | ) | |

## JOINT MOTION TO FILE SEPARATE BRIEFS CONCERNING ISSUES UNIQUE TO THEM

Appellants Willis Pierre Lewis and Brittany Jones, through undersigned counsel, respectfully move this Court, for leave to file separate briefs in order to address legal issues unique to them.

As grounds for this motion, undersigned counsel states:

1. On March 3, 2023, Appellant Lewis was sentenced to life imprisonment following his 10-day jury trial and conviction on counts of sex trafficking by force and coercion, in violation of 18 U.S.C. § 1519(a)(1), (a)(2) and (b)(1); sex trafficking of minors, in

violation of 18 U.S.C. § 1519(a)(1), (a)(2) and (b)(2); conspiracy to do the same, in violation of 18 U.S.C. § 1594(c); transportation of minors with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); conspiracy to do the same, violation of 18 U.S.C. § 2423(e); transportation, in violation of 18 U.S.C. § 2421(a); interstate travel and transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3)(A); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

2. On that same day, Appellate Jones was sentenced to one hundred and six-eight months following her 10-day jury trial and conviction on counts of sex trafficking of minors, in violation of 18 U.S.C. § 1519(a)(1), (a)(2) and (b)(2); conspiracy to do the same, in violation of 18 U.S.C. § 1594(c); and interstate travel and transportation in aid of racketeering, in violation 18 U.S.C. § 1952(a)(3)(A).

3. Both sentences followed a joint, weeks-long trial.

4. Appellants' roles in the conspiracy, under the government's theory and as testified to by government witnesses at trial, were fundamentally different.   Mr. Lewis was alleged to be the leader of

the sex trafficking conspiracy, the person who directed the actions of his co-conspirator Ms. Taylor over the course of two weeks. Ms. Jones was alleged to have participated at the very beginning of the conspiracy, over one or two days, much of it before Mr. Lewis's involvement.

5. The defendants pursued different factual defenses at trial and have different legal issues as it relates to both trial and sentencing.

6. Mr. Lewis has several claims of legal error related to evidence admitted against him, in particular, evidence related to an act of domestic violence against his wife and evidence that he was in a gang. He also has claims of legal error related to evidence he was not permitted to use at trial—impeachment evidence related to two witnesses—that is particular to him and his trial strategy.

7. He also has a claim of legal error related to the jury instructions for the 18 U.S.C. § 1519(b)(1) offense with which Ms. Jones was neither charged nor convicted.

8. He also has claims of legal error related to his sentencing that do not implicate Ms. Jones, including the district court's application of

the leader and organizer enhancement under USSG §3B1.1.

9. Ms. Jones, for her part, intends to raise a claim of a variance in between the indictment, which charged a single conspiracy, and the evidence at trial, which suggested two independent conspiracies. This was not a legal issue raised by Mr. Lewis at trial.

10. Rule 3 (b)(2) of the Federal Rules of Appellate procedure provides that consolidation of separate appeals is permissive, not mandatory.

11. When this Court initially set a briefing schedule in this case, it did not order the parties to submit consolidated briefs.

12. However, following several extension requests by the parties, the current briefing schedule contemplates only a single brief.

13. Because this case involves a weeks-long trial with complex factual issues, both parties (and in particular Mr. Lewis, whose culpability was the primary focus of the trial) require considerable space in their briefing.

14. Because the evidence was fundamentally different against both parties, they also lack common interest in their characterization

and discussion of the evidence.

15. Furthermore, appellants do not seek to submit repetitious issues and are prepared to join in issues that they have in common with one another.

16. Counsel for the government has indicated that it defers to the Court on resolution of this motion.

WHEREFORE, Appellants respectfully requests that this Court grant the motion for the parties to submit separate briefs that addresses the issues exclusive to them.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


        /s/
COURTNEY MILLIAN
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500
courtney_millian@fd.org

and


        /s/
Antoini M. Jones[1]
1401 Mercantile Lane, Suite 300
Largo, Maryland 20774
(301) 277-0770 (office)
amjoneslaw@gmail.com

---

[1] Codefendant's lawyer has not entered an appearance but has replaced Mr. Johnson on the case.

**CERTIFICATE OF COMPLIANCE
<u>WITH TYPE-VOLUME LIMITATION</u>**

I hereby certify, pursuant to Federal Rule of Appellate Procedure 32(a), that the foregoing Motion for Extension was prepared in a serif typeface using Microsoft Word in Century Schoolbook 14-point font and contains 375 words in compliance with the Court's type-volume limits.

/s/
Courtney Millian
Assistant Federal Public Defender

/s/
Antoini M. Jones
